### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | |
|---|---|
| **BRIAN KEITH ROBINSON,** | : |
| **Plaintiff,** | : |
| V. | : |
| | : NO. 7:22-cv-00102-HL-TQL |
| **SHERIFF ASHLEY PAULK,** *et al.*, | : |
| **Defendants.** | : |

## ORDER OF DISMISSAL

Plaintiff Brian Keith Robinson, a detainee in the Lowndes County Jail in Valdosta, Georgia, filed a 42 U.S.C. § 1983 complaint, Compl., ECF No. 1, and a motion for leave to proceed *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. On consideration of these filings, Plaintiff's motion to proceed *in forma pauperis* was granted, and Plaintiff was ordered to pay an initial partial filing fee of $28.85. Order, ECF No 4. Plaintiff was informed that, if his circumstances had materially changed, such that he was unable to pay the initial partial filing fee, he could file a new motion for leave to proceed *in forma pauperis*, supported by an updated certified trust fund account statement and an explanation as to any change in circumstances that prevented him from paying the initial partial filing fee. *Id.*

Plaintiff subsequently filed a statement and a new motion to proceed *in forma pauperis* asserting that his circumstances had changed, such that he was unable to pay the fee. Mot. for Leave to Proceed *In Forma Pauperis*, ECF Nos. 5 & 7. In this motion,

however, Plaintiff did not explain how his circumstances had changed, other than to say that he did not have money in his account with which to pay the fee. *See* Attach. to Mot. for Leave to Proceed *In Forma Pauperis* 1, ECF No. 7-2. While it was true that Plaintiff's account certification showed his current balance as one cent, a review of Plaintiff's account transactions sheet also showed that, in the thirty-seven days between when his two account statements were printed, Plaintiff had deposits totaling $236.00, which he spent primarily on phone time and commissary items. *See* Attach. to Mot. to Proceed *In Forma Pauperis* 2, ECF No. 7-1. Thus, Plaintiff's deposits indicated that he was capable of making the ordered payment.

In light of the above, Plaintiff's renewed motion for leave to proceed *in forma pauperis* was denied, and Plaintiff was given fourteen days to pay the $28.85 initial partial filing fee. Order, ECF No. 8. Plaintiff was cautioned that his failure to fully and timely comply could result in the dismissal of this action. *Id.* More than fourteen days passed following entry of the order denying Plaintiff's renewed motion for leave to proceed *in forma pauperis*, and Plaintiff did not pay the fee or otherwise respond to the Court's order. Therefore, he was ordered to respond and show cause to the Court why this case should not be dismissed based on his failure to pay the initial partial filing fee. Order to Show Cause, ECF No. 9. Plaintiff was given fourteen days to respond and was cautioned that his failure to do so would likely result in the dismissal of this case. *Id.*

More than fourteen days have now passed since entry of the order to show cause, and Plaintiff has not responded to that order. Additionally, the order, which was sent to

Plaintiff at the Lowndes County Jail, the only address on file for Plaintiff, has been returned to the Court as undeliverable. Mail Returned, ECF No. 10. It is Plaintiff's responsibility to keep the Court apprised of his current address, and his failure to do so constitutes a failure to prosecute this case. Moreover, insofar as this Court has no information as to Plaintiff's current whereabouts, this action cannot continue.

Accordingly, because Plaintiff has failed to respond to the Court's orders or otherwise prosecute this case, the complaint is now **DISMISSED WITHOUT PREJUDICE**. See Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978))).

**SO ORDERED**, this 8th day of February, 2023.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE